IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WORLD FAMOUS, INC., | Case No. 05-6250-HO |
| Plaintiff, | ORDER |
| v. | |
| CARLY RACHELLE SCHOETTLE, | |
| Defendant. | |

This case originated in the Circuit Court of the State of Oregon for Jackson County.  The case was removed to the United States Bankruptcy Court for the District of Oregon.  After defendant filed the pre-trial order (PTO) in bankruptcy court, the bankruptcy court transferred the case to this court for trial.  This court granted plaintiff's motion for voluntary dismissal of its claim.  Plaintiff filed motions, in a single document, for summary judgment on, or dismissal of, count two of defendant's first counterclaim and defendant's second counterclaim.  The parties filed motions in limine directed at

exhibits and witness testimony. Defendant filed no response to plaintiff's motions in limine. The court heard oral argument on the motions.

I. <u>Plaintiff's Motion for Partial Summary Judgment & Dismissal</u>

Summary Judgment is appropriate if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Dismissal for failure to state a claim is proper only in the absence of a cognizable legal theory or sufficient alleged supporting facts. <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988).

  A.  Undisputed Facts

Defendant entered into a retail installment contract with plaintiff on July 17, 1999, to purchase a 1992 GMC pickup at the sale price of $10,499. Defendant previously purchased two other vehicles from plaintiff. Plaintiff provided financing to defendant for each purchase.

Defendant returned the 1992 GMC pickup to plaintiff on August 17, 1999, with a signed note stating, "I can't afford this! I am returning it." Plaintiff subsequently sold the pickup at a sale price of $12,999.

  B.  Second Counterclaim - UTPA

By this claim, defendant contends,

> [P]laintiff violated ORS 646.608(1)(k) by failing to disclose that plaintiff was including unearned interest

2 - ORDER

> for the vehicles traded in prior to the purchase of the 1992 GMC pickup as part of the amount financed for the 1992 GMC pickup[,] and that plaintiff failed to disclose the fact that the sales price for the 1992 GMC pickup substantially exceeded its actual value.

PTO at 5. Defendant further contends that plaintiff acted willfully, and defendant is entitled to actual damages or $200, attorney fees and costs, and punitive damages in the amount of $2,000,000.

Section 646.608(1)(k) provides,

> [a] person engages in an unlawful practice when in the course of the person's business, vocation or occupation the person . . . [m]akes false or misleading representations concerning credit availability or the nature of the transaction or obligation incurred.

Plaintiff argues there is insufficient evidence that it included unearned interest from prior transactions as part of the amount financed, or that the price of the pickup substantially exceeded its actual value.

Defendant points to the affidavit of former finance manager Sue Wilson. Wilson states that plaintiff's practice on "in-house" trade-ins with balances owing was to value the trade-in less than the "Blue Book," and to add the resulting deficiency from the prior contract, plus 10 days unearned interest, to the sales price of the next vehicle purchased. Campbell Aff., ex. A at 3-4 (Wilson Aff.). Assuming this was plaintiff's practice, a reasonable juror could find no false or misleading representation by plaintiff where, as here, the financing documents disclose the

cash price of the vehicle and the value plaintiff received for her trade-in.  See Pl's exs. 2-4.  Defendant identifies no evidence of "false or misleading representations concerning credit availability or the nature of the transaction or obligation incurred," or of what she terms the "actual value" of the 1992 GMC pickup.  The court finds no such evidence.

    C.   Count Two of First Counterclaim

Count two of the first counterclaim provides,

> Defendant contends that plaintiff's violations of ORS 79.5010-79.5070 were part of a pattern of committing fraudulent trade practices in the repossession and sale of vehicles, which conduct was of such a nature as to justify the imposition of punitive damages in the amount of $2,000,000.

PTO at 4.  Punitive damages are not available for violation of Sections 79.5010-79.5070 (1997).  Or. Rev. Stat. § 71.1060 (1997).

Plaintiff is entitled to judgment as a matter of law on defendant's second counterclaim and count two of defendant's first counterclaim.

II.  **Plaintiff's Motions in Limine**

Plaintiff moves to exclude the following exhibits and witness testimony.

    A.   References to Plaintiff's Deficiency Claim

References to plaintiff's dismissed deficiency claim are excluded as irrelevant, or because what probative value they may have is substantially outweighed by the danger of unfair

4 - ORDER

prejudice, confusion of issues and misleading the jury.  This ruling does not exclude plaintiff's letter of deficiency to defendant (exhibit 8), and plaintiff's worksheet calculating the deficiency amount (exhibit 9).

    B.   Testimony Re: Business Practices

Plaintiff seeks to exclude testimony of defendant Carly Schoettle, Bill Dwyer, Roger Lammi, Susan Wilson, Scott Busse, Arlen Heath, Darryl Flora, Darryl Flora, Jr., and 10-20 similarly situated consumers, regarding plaintiff's "fraudulent and tortious" business practices, plaintiff's general business practices, and transactions not involving defendant, on grounds of relevance and undue prejudice.  Punitive damages are not available and defendant makes no showing that evidence of prior acts is admissible under Rule 404(b) of the Federal Rules of Evidence.  Witnesses may not refer to plaintiff's business practices as fraudulent or tortious.  Testimony regarding other transactions is excluded as irrelevant, with the exception of testimony regarding sale of the collateral subsequent to its return to plaintiff by defendant.

    C.   Testimony Re: Financial Condition & Practices

Plaintiff seeks to exclude testimony of unnamed expert witnesses on plaintiff's financial condition and "fraudulent" business practices, and of other individuals who would authenticate and explain loan documents and plaintiff's financial

condition, on grounds of relevance, needless presentation of cumulative evidence, and evidence not properly the subject of expert testimony.

Testimony of the Key Bank records custodian regarding the cause of plaintiff's bankruptcy filing is excluded as irrelevant.

Testimony of bankruptcy attorney Tom Dzieman regarding plaintiff's chapter 11 filing, the difference between chapters 11 and 7, and scheduled financial documents filed by plaintiff in the bankruptcy court is excluded as irrelevant.

Testimony of Certified Public Accountant Robert Johnson to support claims for punitive damages is excluded as irrelevant.

D.   Testimony of Eugene Ebersol and DOJ Custodian

The testimony of Eugene Ebersol and the Department of Justice custodian of records concerns punitive damages, and is therefore excluded as irrelevant.

E.   Testimony of Custodian of Records of Car Repair Shop

The testimony of the custodian of records of the car repair shop is excluded as irrelevant.  The testimony does not concern alleged violations of the UCC provisions regarding disposition of collateral.

F.   Testimony Re: Forensic Psychologist

Dr. Michael Knapp would testify regarding defendant's mental and emotional damage.  Defendant's sole remaining claim is that plaintiff disposed of surrendered collateral in a commercially

unreasonable manner without required notice, in violation of UCC Article 9. Defendant cites to no authority for the proposition that she may recover damages for emotional suffering in these circumstances. The court finds no such authority. These damages are not foreseeable, particularly in the circumstances of this case, where defendant voluntarily returned the collateral. The testimony is excluded as irrelevant.

    G.  Exs. 101-104

These exhibits are "deal files" for defendant's purchases from plaintiff of a 1986 Mazda 323 (101 & 102), 1988 Mazda MX6 (103), and 1992 GMC pickup (104). Plaintiff contends that the only relevant documents among these exhibits are the retail installment contracts, which itemize various charges and expenses. Exhibits 101-103 do not concern the collateral at issue, and are excluded as irrelevant. Exhibit 104 contains numerous documents of no relevance, or of which the probative value is substantially outweighed by the danger of confusion of the issues and misleading the jury. Exhibit 104 is excluded. Defendant may resubmit the vehicle buyer's order and retail installment contract for defendant's purchase of the 1992 GMC pickup from plaintiff as exhibit 104a.

    H.  Exhibits 106 and 108

These documents evince defects in a 1988 Mazda MX6 and 1992 GMC pickup purchased by defendant from plaintiff. These exhibits

7 - ORDER

are excluded as irrelevant, or because what probative value they may have is substantially outweighed by the dangers of unfair prejudice and confusion of the issues.

    I.   Exhibit 109

This form signed by defendant authorizes plaintiff to accept from itself the payoff amount on the balance owing on the 1986 Mazda 323 upon the purchase of the 1988 Mazda MX6.  This evidence has nothing to do with plaintiff's disposal of the 1992 GMC pickup.  The exhibit is excluded as irrelevant, or under Rule 404(b) of the Federal Rules of Evidence.

    J.   Exhibit 110

This is an Oregon Department of Justice "Investigative Demand" dated November 27, 1988, directed at plaintiff, and a "Letter of Assurance" reflecting a settlement agreement in which plaintiff admitted no wrongdoing.  The demand reflects an investigation for misrepresenting the quality of goods, failing to disclose known defects, and misrepresenting that repairs would be performed.  This investigation did not involve defendant or the conduct of which she complains.  This evidence is excluded as irrelevant, or because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or because it is barred by Rule 404(b) of the Federal Rules of Evidence.

    K.   Exhibits 111-113

8 - ORDER

These are copies of claims or complaints filed in state court by plaintiff against defendant for breach of contract resulting from defendant's return of the 1992 GMC pickup. This court granted plaintiff's motion for voluntary dismissal of its claim for deficiency against defendant. The exhibits are excluded as irrelevant, or because their probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury.

    L.   Exhibits 114 and 114A-114G

Exhibit 114 consists of schedules and other documents filed by plaintiff in its bankruptcy proceeding, apparently to prove plaintiff's financial condition. Because punitive damages are not available, this evidence is excluded as irrelevant, or because its probative value is substantially outweighed by the danger or unfair prejudice, confusion of the issues or misleading the jury.

    M.   Exhibits 115A-115M

These are documents related to consumer complaints about plaintiff received by the Oregon Department of Justice. Because punitive damages are unavailable, this evidence is excluded as irrelevant, or because its probative value is substantially outweighed by the danger or unfair prejudice, confusion of the issues or misleading the jury.

    N.   Exhibit 116

9 - ORDER

This is a bar graph showing the number of small claims filed by plaintiff from June 1998 through February 2002. This evidence is excluded as irrelevant, or because its probative value is substantially outweighed by the danger or unfair prejudice, confusion of the issues or misleading the jury.

III.  Defendant's Motion in Limine

    A.  Testimony of James Huddleson

Plaintiff's finance manager would testify that unearned interest was not included in the amount financed for the purchase of the 1992 GMC pickup, and that defendant sought to purchase additional vehicles from plaintiff after returning the pickup, and after the commencement of this litigation. Defendant argues that the witness lacks personal knowledge, and is not qualified to provide expert testimony. Some of this witnesses's testimony may be rendered irrelevant by the court's rulings. It does not appear at this time that plaintiff will be unable to establish a foundation for this testimony at trial. Defendant may raise her foundational objection at the trial.

    B.  Christopher Smith & Exhibit 11

The witness, a custodian of records, would testify by "business records affidavit" regarding defendant's purchase of a 1996 Dodge 1500 pickup from Lithia Dodge before she returned the 1992 GMC pickup to plaintiff. Defendant objects on grounds of hearsay, and that the affidavit fails to establish a foundation

for the business records documents.  The affidavit (exhibit 11-1-2) is hearsay.  The court does not receive exhibit 11 at this time.  Plaintiff is free to attempt to establish a foundation for the exhibit at trial.

    C.    Exhibit 6

The exhibit is a letter dated August 18, 1999, from plaintiff to defendant providing notice of default and intent to sell collateral at private sale.  Defendant argues that the letter is irrelevant because she never received it.  The exhibit is relevant to the question of whether plaintiff provided defendant with notice required by the UCC.

    D.    Exhibit 9

The exhibit is a deficiency balance worksheet for the 1992 GMC pickup.  Defendant objects on grounds of relevance, undue prejudice, potential for misleading the jury, and failure to previously disclose in response to state court discovery order. The worksheet shows the calculation for the deficiency included in plaintiff's letter (exhibit 8), to which defendant does not object.  The exhibit also shows the purchase price for the subsequent sale of the collateral.  The exhibit is relevant to the determination of whether plaintiff disposed of the collateral in a commercially reasonable manner, and to the determination of defendant's damages.

    E.    Exhibit 10

11 - ORDER

The exhibit is a purchase money security agreement and vehicle buyer's order for the sale of the 1992 GMC pickup subsequent to its return to plaintiff by defendant. Defendant objects for lack of relevance or undue prejudice. The document evinces the sales price of the subsequent sale, and therefore relevant to the determinations of whether plaintiff disposed of the collateral in a commercially reasonable manner, and damages. Defendant offers the same information in exhibit 117. The objection is overruled.

    F.  Exhibit 12

Plaintiff withdraws this exhibit.

    G.  Exhibits 1-3

As a result of the court's rulings herein, plaintiff's exhibits 1-3, which evince defendant's purchases of vehicles other than the collateral, are irrelevant.

## Conclusion

Based on the foregoing, plaintiff's motion for partial summary judgment or dismissal [#90] is granted; plaintiff's motion in limine [#103] and supplemental motion in limine [#129] are granted; defendant's motion in limine [#112] is granted in
///


///


12 - ORDER

part, and denied in part; plaintiff's exhibits 4-10 are received; and defendant's exhibits 105, 107 and 117 are received.

IT IS SO ORDERED.

DATED this   14th   day of March, 2007.

                                          s/ Michael R. Hogan
                                    United States District Judge

13 - ORDER