IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WORLD FAMOUS, INC.,

        Plaintiff,        Civ. No. 05-6250-HO

  V.                             ORDER

CARLY RACHELLE SCHOETTLE,

        Defendant.

At the close of the evidence, counsel for plaintiff secured creditor made an oral motion for judgment as a matter of law on defendant debtor's counterclaim for plaintiff's commercially unreasonable disposition of collateral in violation of Or. Rev. Stat. § 79.5040(3) (1999). The court took the motion under advisement. The jury returned a verdict in favor of defendant on this counterclaim.[1] The court entered judgment. Plaintiff filed a renewed motion for judgment as a matter of law. Defendant

---

[1] The jury's verdict favored plaintiff on defendant's counterclaim for failure to provide notification within a reasonable period of time prior to the sale of collateral.

filed a motion for attorney fees and a bill of costs. For the reasons discussed below, plaintiff's motion for judgment as a matter of law is granted, and defendant's motion for attorney fees and bill of costs are denied.

## Discussion

A jury's verdict must be upheld if it is supported by adequate evidence, even if it is also possible to draw a contrary conclusion from the same evidence. <u>Wallace v. City of San Diego</u>, 479 F.3d 616, 624 (9th Cir. 2007). The court does not weigh the evidence, but determines only whether the plaintiff has presented sufficient evidence to support the jury's conclusion. <u>Id</u>. The court must review the entire evidentiary record and disregard all evidence favorable to the moving party that the jury is not required to believe. <u>Id</u>. The court must view the evidence in the light most favorable to the nonmoving party, and draw all reasonable inferences in favor of that party. <u>Id</u>. "Judgment as a matter of law may be granted only where, so viewed, the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." <u>Id</u>.

Plaintiff contends that defendant failed to present evidence that it's disposition of the collateral, a 1992 GMC pickup truck, was commercially unreasonable. Defendant argues that her counterclaim did not require that she prove that plaintiff held and disposed of the collateral in a commercially unreasonable manner. Defendant further argues that she proved that after she

surrendered the collateral, plaintiff "purchased its own collateral at a private repossession sale . . ." between its finance department and its sales division, and thereafter sought a deficiency against defendant calculated as the difference between the amount allegedly owed on the retail installment contract for defendant's purchase of the collateral vehicle and the amount of the sales division's high bid.  Defendant contends that plaintiff's "purchase" of the collateral violates Section 79.5040(3) and is commercially unreasonable as a matter of law. Defendant finally notes that the court declined its request to instruct the jury regarding the limitations of Section 79.5040(3) on a secured party's ability to purchase collateral at a private sale.

> Disposition of the collateral may be by public or private proceedings . . .  Sale or other disposition may be . . . at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable.  * * *  The secured party may buy at any public sale and if the collateral is of a type customarily sold in a recognized market or is of a type which is the subject of widely distributed standard price quotations the secured party may buy at private sale.

Or. Rev. Stat. § 79.5040(3) (1999).

A reasonable juror could not conclude from the evidence that a secured party purchased collateral at a private sale.  A sale requires two parties, and the passing of title from the seller to the buyer for a price.  Or. Rev. Stat. §§ 72.1060(1), 79.1050(3)(n) (1999).  Defendant introduced no evidence that

plaintiff's finance division and sales division are separate entities. Even if the two divisions are separate entities, defendant produced no evidence that the sales division, the alleged buyer of the collateral, is a secured party.

Cases cited by plaintiff refer to secured parties who purchased collateral from themselves at private sales. The cases do not discuss whether the nominal sales meet the criteria of Section 72.1060(1). In this case, the jury arguably could have found that plaintiff retained the surrendered collateral before selling it to a third party. Such retention of the collateral is illegal only if it is commercially unreasonable. Or. Rev. Stat. § 79.5040(1), (3); 9 William D. Hawkland, Richard A. Lord, Charles C. Lewis & Frederick H. Miller, <u>Uniform Commercial Code Series</u>, § 9-505:9 (Frederick H. Miller ed., West 2007) (secured party's retention of collateral in the absence of notice to debtor of proposed strict foreclosure under former Uniform Commercial Code Article 9-505(2) is analyzed for commercial reasonableness under former subsection 9-504(3)).

> In order to prove a commercially unreasonable disposition of collateral, the party alleging it must present evidence of what constitutes reasonable commercial practices, usual manner of sale, and what the current market price was for the collateral at the time of the sale. In addition, the party must present some evidence that the disposition at issue failed to conform to one or more of the above requirements.

10 Anderson U.C.C. § 9-504:136 (3d. ed.). Defendant presented no evidence that plaintiff's disposition of the collateral failed to

4 - ORDER

conform to reasonable commercial practices.  The jury's verdict is not supported by evidence.

## Conclusion

Based on the foregoing, plaintiff's motion for judgment as a matter of law [#200] is granted; defendant's motion for attorney fees [#202] is denied; and defendant's cost bill [#203] is denied.  The judgment dated September 28, 2007 is vacated.  The clerk shall enter judgment providing that defendant recover nothing, the action be dismissed on the merits, and the plaintiff recover costs from the defendant.

IT IS SO ORDERED.

DATED this __13th__ day of February, 2007.

                                                          ___s/ Michael R. Hogan___
                                                          United States District Judge